IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV270-1-MU

| | |
|---|---|
| JOHNNY F. GODFREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| POLK COUNTY SHERIFF DEPT., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before this Court upon Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) and Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2), both filed July 30, 2007; and Petitioner's Motion for Case Abeyance (Doc. No. 3), filed September 13, 2007.

As an initial matter, a Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

Petitioner has filed a petition for writ of habeas corpus asserting that he has been "unlawfully restrained, detained, and confined by virtue of an unlawful detainer issued and submitted by respondent sheriff of Polk County North Carolina, allegedly, for the State of North Carolina." More specifically, Petitioner, currently an inmate in the Virginia Department of

Corrections, alleges that North Carolina violated his rights under the Interstate Agreement on Detainers (IADA) by not resolving the charges against him once he requested that they be resolved.

Subsequent to filing his federal habeas petition, Petitioner filed a Motion for Case Abeyance stating that North Carolina has dismissed the charges against him and the detainer has been removed. As a result, Petitioner requests that this Court hold his federal habeas petition in abeyance indefinitely in case North Carolina decides in the future to reinstate the charges against him.

The dismissal of the state charges and removal of the detainer render Petitioner's federal habeas petition moot. That is, no case or controversy presently exists. See Spencer v. Kemna, 523 U.S. 1, 7 (1998)(a petitioner's habeas petition must present a case or controversy at all stages of a habeas proceeding). This Court is unaware of any continuing collateral consequences facing Petitioner. Consequently, this Court declines to hold Petitioner's case in abeyance and dismisses Petitioner's federal habeas petition. Petitioner should note that the dismissal is without prejudice so that he may file a new federal habeas petition if the state charges are refiled and he believes he has a federal habeas claim. Petitioner is cautioned however that he should remember that federal habeas claims must be exhausted in state court before they are raised in federal court. 28 U.S.C. § 2254(b)(1)(A).

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Leave to Proceed In Forma Pauperis is **GRANTED**;

2. Petitioner's Motion for Case Abeyance is **DENIED**; and

3. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**.

Signed: October 9, 2007

Graham C. Mullen
United States District Judge